UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| PALESTINE CHURCH,<br><br>*Plaintiff,*<br><br>v.<br><br>UTICA LLOYD'S OF TEXAS,<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 6:23-CV-00105-JCB<br>§<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff Palestine Church files this First Amended Complaint and respectfully shows the Court as follows:

**I.     PARTIES**

1.     Plaintiff Palestine Church ("Plaintiff") owns the property made the basis of this suit, located at 511 North Sycamore Street and 109 West Crawford Street, Palestine, Texas 75081 ("Property").

2.     Defendant Utica Lloyd's of Texas ("Defendant") is a domestic entity authorized to engage in the insurance business in the State of Texas and was engaged in the insurance business in this State during all times relevant to this lawsuit.  Defendant appeared in this lawsuit and may be served through its counsel of record.

**II.     JURISDICTION AND VENUE**

3.     This court has personal jurisdiction over Defendant because it regularly engages in business in Texas, and the acts or omissions giving rise to Plaintiff's claims occurred in Texas. Defendant removed this lawsuit to this Court alleging diversity jurisdiction under 28 U.S.C. § 1332.  By appearing in this lawsuit, Defendant waived any objection to this Court's jurisdiction.

4. A substantial portion of the acts or omissions giving rise to Plaintiff's claims occurred in Anderson County, Texas (within the Eastern District of Texas). Specifically, the Property is located in this District. Defendant also contends venue is proper under 28 U.S.C. § 1446(a).

### III.  FACTS

5. Plaintiff entered into an agreement with Defendant to pay Defendant premiums in exchange for insurance coverage protecting Plaintiff's Property.

6. The agreement was drafted by Defendant and assigned Policy Number CPP 4807508 ("Policy"). The Policy's effective date was from October 1, 2018 through October 1, 2019 and was renewed for October 1, 2019 through October 1, 2020 ("Policy Period").

7. Coverage under the Policy includes physical damage to the buildings at the Property as a result of a covered loss.

8. Plaintiff has been insured with Defendant since at least 2015.

9. Under the Policy, the building at 511 North Sycamore Street, Palestine, Texas 75081 is designated as Location 1. Location 1 has an asphalt-shingle roof. The building at 109 West Crawford Street, Palestine, Texas 75081 is designated as Location 2 under the Policy. Location 2 has a modified-bitumen roof.

10. In 2015, Plaintiff made a claim to Defendant for covered damages to the Property. Specifically, Plaintiff claimed the roofs at the Property were damaged by a hail, wind, and rainstorm.

11. Defendant accepted coverage for the damage in 2015 and issued payment to Plaintiff on its 2015 claim. Using the insurance proceeds, Plaintiff promptly repaired and replaced

the property that was damaged in 2015, returning the Property to its pre-loss condition before the 2015 damage occurred.

12. Several years later, during the Policy Period from 2018 through 2020, severe hail, wind, and rainstorms swept through Anderson County and hit the Property.

13. The hail, wind, and rainstorms caused direct physical loss and damage to the Property.

14. The roofs at the Property were damaged after each loss. In addition to the roofs, other parts of the Property were severely damaged.

15. Shortly after the hail, wind, and rainstorms, the buildings began to suffer from interior-water damage because of roof leaks. The Property suffered damage from storm-created openings.

16. Following each storm event, Plaintiff properly filed a claim under the Policy.

17. Defendant assigned the following claim numbers: 0010251469, 0010189429, and 0010252045 (collectively "Claims").

A. **Investigations, Reports, and Denial**

18. After a hail, wind, and rainstorm in 2019, Defendant visited the Property.

19. Defendant acknowledged new interior water damage at the Property.

20. Defendant determined interior water damage at the Property was covered under the Policy. Defendant found the water damage recently occurred.

21. However, after acknowledging interior water damage at the Property was recent and not the result of an excluded cause of loss, Defendant then denied coverage for a portion of the modified-bitumen roof on the building at Location 2.

22. Defendant did not provide a proper explanation for why it accepted partial coverage and not full coverage for the hail, wind, and rainstorm damage.

23. Instead, Defendant claims to have given Plaintiff "the benefit of the doubt" by providing partial coverage for Claim 1 – despite acknowledging the interior water damage was recent and likely the result of a storm-created opening.

24. The Property was hit by another severe hail, wind, and rainstorm in 2020. This storm resulted in at least three new leaks at the Property, which Plaintiff reported to Defendant.

25. Defendant then visited the Property again. During the visit to the Property, Defendant found and recorded evidence of hail damage to the Property. Specifically, Defendant found that hail hit and damaged a significant portion of the shingle roof at Location 1.

26. During the same visit, Defendant also reported not finding any damage to the modified bitumen roof at Location 2, despite Defendant's prior statements that the roof was damaged.

27. Defendant sent Plaintiff a letter on January 25, 2021 with numerous incorrect statements. The letter listed Claim No. 0010252045, but then referenced both April 19, 2019 and April 19, 2020 as two dates of loss for the claim. Defendant also listed the applicable policy period as October 1, 2018 to October 1, 2019, causing further confusion.

28. In the January 25, 2021 letter, Defendant stated that it found covered damages at the Property but claimed the amount did not rise above the deductible under the Policy and that, as a result, no payments would be made on the Claims.

29. Defendant soon after sent a second letter to Plaintiff on February 11, 2021, again with numerous incorrect statements. The letter dated February 11, 2021 listed Claim No.

0010251469 with a date of loss of April 19, 2020. But the letter then lists the incorrect policy period of October 1, 2018 to October 1, 2018.

30. The February 11, 2021 letter then goes on to change Defendant's position of covered damage at the Property being under deductible to stating that it actually found evidence of damage to the roofs and interior water damage from leaks at the Property, but now denying coverage for the damage.

31. The February 11, 2021 letter states there was no weather data to support a hail storm at the Property within the Policy Period and that the damage, therefore, must have occurred prior to April 19, 2020. However, the National Oceanic and Atmospheric Administration's public Storm Event database clearly records 1.25-inche hail falling in Palestine, Texas during the Policy Period, on the exact date Defendant lists as the date of loss.

**Storm Events Database**
**Event Details:**

| | |
|---|---|
| Event | Hail |
| Magnitude | 1.25 in. |
| State | TEXAS |
| County/Area | ANDERSON |
| WFO | FWD |
| Report Source | Other Federal Agency |
| NCEI Data Source | CSV |
| Begin Date | 2020-04-19 09:03 CST-6 |
| Begin Location | 3ESE PALESTINE ARPT |
| Begin Lat/Lon | 31.7463/-95.6851 |
| End Date | 2020-04-19 09:03 CST-6 |
| End Location | 3ESE PALESTINE ARPT |
| End Lat/Lon | 31.7463/-95.6851 |
| Deaths Direct/Indirect | 0/0 (fatality details below, when available...) |
| Injuries Direct/Indirect | 0/0 |
| Property Damage | 0.00K |
| Crop Damage | 0.00K |
| Episode Narrative | Thunderstorms developed in the vicinity of a warm front across Central Texas the morning of April 19, followed by a second round of storms across northeastern portions of the region along a cold front the afternoon of the 19th. Several storms became severe in each event, producing mainly large hail. |
| Event Narrative | Half dollar sized hail was reported on Salt Works Road. |

32. Defendant asserted that the hail damage across the roofs was prior damage that existed from the hailstorm underlying Plaintiff's 2015 claim. Defendant also asserted the damages it found at the Property matched the damages from the 2015 claim, that Plaintiff failed to repair those damaged areas, and that as a result, the damage was not covered under the Policy. However, Defendant failed to ask Plaintiff whether the repairs were completed to the Property following its 2015 claim, or for any documents regarding the repairs. Based on information and belief, Defendant used this as a pretext for denying Plaintiff's claim, despite having found covered damages.

33. Further, Defendant failed to reasonably research weather data to determine whether storms occurred during the Policy Period. Storm data is critical to properly evaluate a claim for storm damages.

34. Based on information and belief, Defendant unreasonably neglected or purposely ignored easily accessible public weather data, which confirms a hailstorm occurred on the exact date Defendant acknowledges as the date of loss.

35. Defendant blindly relied upon unreasonable conclusions on vital coverage issues without sufficient support. This was unreasonable and formed the basis of Defendant's wrongful denial and underpayment of the Claims.

36. Plaintiff sent information to Defendant showing the numerous mistakes Defendant made while handling the Claims. After informing Defendant about the mistakes made throughout the claims-handling process, Plaintiff offered Defendant multiple opportunities to reevaluate the Claims. However, Defendant denied Plaintiff's offers.

37. Defendant either intentionally and/or unreasonably confused the claims-handling process for the Claims.

38. To date, Defendant has not paid Plaintiff the amount owed for the Claims under the Policy. As a result, Plaintiff has incurred additional damages and the increased costs of repair that were, and still are to this day, a natural, probable, and foreseeable consequence of Defendant's failure to pay the amount owed on the Claims. For example, the costs of repair have increased substantially since Defendant's denial of the Claims.

39. Defendant and its adjuster and engineer assigned to the Claims failed to perform a proper inspection, failed to include all of the covered damage sustained at the Property in their reports, and severely undervalued damage observed during inspection.

40. Moreover, Defendant and its adjuster performed an outcome-oriented investigation of Plaintiff's Claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's covered losses.

### B. Appraisal

41. Plaintiff invoked appraisal under the Policy to determine the value of damage.

42. Plaintiff named Duane Smith as its appraiser.

43. On June 29, 2021, Defendant responded to Plaintiff's demand for appraisal by essentially refusing to participate in appraisal. Defendant asserted that appraisal was "premature" and further denied that appraisal was appropriate. However, the amount of loss for the Claims was in dispute. Therefore, Defendant was required to participate in appraisal but refused to do so.

44. Defendant failed to appoint an appraiser as required by the Policy. Defendant continues to refuse to participate in appraisal. Defendant's refusal to participate in appraisal also shows Defendant's bad faith and mishandling of the Claims.

### C. Policy Compliance

45. Plaintiff fully complied with all requirements under the Policy. Plaintiff properly notified Defendant of loss to covered property.

### IV. CAUSES OF ACTION

### A. Breach of Contract

46. Plaintiff realleges all prior paragraphs.

47. Defendant entered into the Policy with Plaintiff.

48. Plaintiff's Property sustained damage during the Policy Period as a result of hail and wind, both covered causes of loss.

49. Defendant breached the terms of the Policy by wrongfully denying covered damages instead of paying the full benefits owed to Plaintiff under the Policy for a covered loss to the Property.

50. Defendant further breached the Policy by failing to abide by the appraisal provision in the Policy and participate in the appraisal process with Plaintiff.

51. Defendant's breach caused injury to Plaintiff. Plaintiff seeks all recoverable amounts, including: (i) actual damages; (ii) consequential damages (related to increased costs of construction and other related consequential damages); (iii) reasonable and necessary attorneys' fees and costs; and (iv) pre- and post-judgment interest at the highest lawful rate.

### B. Insurance Code Violations

52. Plaintiff realleges all prior paragraphs.

*Prompt Payment of Claims Statute*

53. As set forth above, Plaintiff was insured under the Policy during the Policy Period.

54.     During the Policy Period, a wind and hailstorm swept through Anderson County, Texas and damaged Plaintiff's Property.

55.     Plaintiff gave proper claim notice under the Policy to Defendant.

56.     Defendant is under an obligation to promptly pay Plaintiff's Claims.

57.     Defendant delayed payment of Plaintiff's Claims for a time exceeding the period specified by statute by underpaying damages covered under the Policy and wrongfully denying damages clearly covered from the Policy.  Defendant has yet to pay any amount on Plaintiff's Claims.

58.     Defendant failed to pay the full amount owed and delayed the payment on covered damage to the Property.

59.     To date, Defendant has not tendered payment for all of Plaintiff's damages arising out of its Claims with Defendant.

60.     The failure of Defendant to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.058 of the Texas Insurance Code.

61.     As a result of the insurance code violations listed above, Plaintiff is also entitled to statutory interest and attorney's fees as set forth in Article 542.060 of the Texas Insurance Code.

*541 Insurance Code Violations*

62.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

63.     Defendant violated § 541.051 of the Texas Insurance Code by misrepresenting the terms and benefits of coverage:

   a.   When Defendant claimed that the interior water damage from Claim 1 was covered under the Policy and denying the remaining damage to the roof;

  b.  When Defendant stated that appraisal was not appropriate after Plaintiff invoked the appraisal provision in the Policy.

*Violation of § 541.060(a)(1):*

64. Defendant violated § 541.060(a)(1) by misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue by undervaluing the damage to the Property.

65. Specifically, Defendant misrepresented the following:

  a.  That the roofing systems at the Property was not damaged enough to meet the deductible;

  b.  That the roofs at the Property had not been repaired following Plaintiff's 2015 hail claim;

  c.  That there was no weather data to support a claim for hail damage during the Policy Period at the Property; and

  d.  That Defendant was not obligated to enter into the appraisal process after Plaintiff invoked the appraisal provision.

66. Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(1), which proximately caused Plaintiff damages.

*Violation of § 541.060(a)(2):*

67. Defendant violated § 541.060(a)(2) by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim as insurer's liability had become reasonably clear that the covered damage caused substantial damage to Plaintiff's property.

68. Defendant failed to attempt in good faith to effectuate a prompt, fair and equitable settlement by:

  a.  Making the misrepresentations at paragraph 65;

  b.  Failing to properly investigate the roof damage;

  c.  Failing to record the obvious evidence of covered damage across all roofs;

    d.    Failing to perform a reasonable search of weather records to determine whether a hailstorm occurred during the Policy Period;

    e.    Unreasonably relying on the statements of others regarding material facts vital to evaluating a claim without any supporting evidence;

    f.    Misrepresenting to Plaintiff that the interior and exterior damage found at the Property was damage from its prior 2015 hail claim without any evidence;

    g.    Not requesting any documents regarding repairs to the Property for the 2015 hail claim;

    h.    Using Plaintiff's 2015 hail claim as a pretext for denying Plaintiff's Claims; and

    i.    Hiring an engineer in an effort to solely deny Plaintiff's Claims, despite clear evidence of covered damage to the contrary.

69. Each of these acts and omissions, singularly or in conjunction with others, constitute a violation of Texas Insurance Code § 541.060(a)(2), which proximately caused Plaintiff damages.

*Violation of § 541.060(a)(3):*

70. Defendant violated § 541.060(a)(3) by failing to promptly provide Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of the Claims or offer of a compromise settlement of a claim.

71. Defendant failed to promptly provide Plaintiff a reasonable explanation of the basis for Defendant's denial of the Claims. Defendant's February 11, 2021 letter failed to explain how the majority of the hail and wind damage across the roof was damage from Plaintiff's 2015 hail claim despite the fact that the roofs and interior had since been repaired.

72. Defendant also failed to provide a reasonable explanation of how it was able to determine the interior water damage and exterior hail damage did not occur during the Policy Period despite weather data that showed a significant size hailstorm was recorded in Palestine,

Texas on the same date of loss that was reported to Defendant. Defendant merely based its decision on its adjuster and engineer's unreasonable and baseless conclusions.

73. Each of these acts and omissions, singularly or in conjunction with others, constitute a violation of Texas Insurance Code § 541.060(a)(3), which proximately caused Plaintiff's damages.

*Violation of § 541.060(a)(4):*

74. Defendant violated § 541.060(a)(4) by failing within a reasonable time to affirm or deny coverage of a claim or submit a reservation of rights to Plaintiff.

75. Defendant has not provided Plaintiff any notice as to whether its Claims have been denied or approved. Defendant has sent multiple letters regarding the Claims, but each letter has failed to clearly indicate which claim the letter is referencing. Defendant failed to provide a letter clearly denying Plaintiff Claims until June 29, 2021. There is no reason Defendant could not have issued a decision letter prior to June 29, 2021 when it had already sent multiple coverage decision letters months before.

76. Each of these acts and omissions, singularly or in conjunction with others, constitute a violation of Texas Insurance Code § 541.060(a)(4), which proximately caused Plaintiff's damages.

*Violation of § 541.060(a)(7):*

77. Defendant violated § 541.060(a)(7) by refusing to pay Plaintiff's Claims without conducting a reasonable investigation with respect to the Claim.

78. Defendant has refused to pay Plaintiff's Claims without conducting a reasonable investigation by:

    a. Making the misrepresentations at paragraph 65;

      b.      Failing to properly investigate the roof damage;

      c.      Failing to record the obvious evidence of covered damage across all roofs;

      d.      Failing to perform a reasonably search of weather records to determine whether a hailstorm occurred during the Policy Period;

      e.      Unreasonably relying on the statements of others regarding material facts vital to evaluating a claim without any supporting evidence;

      f.      Misrepresenting to Plaintiff that the interior and exterior damage found at the Property was damage from its prior 2015 hail claim without any evidence;

      g.      Not requesting any documents regarding repairs to the Property for the 2015 hail claim;

      h.      Using Plaintiff's 2015 hail claim as a pretext for denying Plaintiff's Claims; and

      i.      Hiring an engineer in an effort to solely deny Plaintiff's Claim, despite clear evidence of covered damage to the contrary.

79. Each of these acts and omissions, singularly or in conjunction with others, constitute a violation of Texas Insurance Code § 541.060(a)(7), which proximately caused Plaintiff's damages.

80. Defendant violated § 541.061 by making an untrue statement of material fact. For example, Defendant falsely stated that no weather data exists to support a claim for hail damage during the Policy Period and that Plaintiff failed to repair the damaged Property following the 2015 hail claim.

**C.    DTPA Violations**

81. Plaintiff realleges all prior paragraphs.

82. At all material times, Plaintiff was a consumer who purchased insurance products and services from Defendant.

83. Defendant is a "person" as defined by § 17.45 of the Texas Business and Commerce Code.

84. Defendant violated the Texas Deceptive Trade Practices Act by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing; and engaging in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)–(3) in that Defendant took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

85. Specifically, Defendant conveyed that that no weather data exists to support a claim for hail damage during the Policy Period, despite clear evidence that a hail, wind, and rainstorm occurred during the Policy Period.

86. Further, Defendant claimed that Plaintiff failed to repair portions of the Property following the 2015 hail claim and that, as a result, it failed to properly protect the Property. But Defendant knew it issued payments for covered damages for the 2015 hail claim, and despite being aware that a request for records would likely reveal the Property was in fact repaired as necessary, Defendant instead used this as a basis for denial.

87. Upon information and belief, Defendant knowingly and/or intentionally committed such violations. Defendant's violations were a producing cause of Plaintiff's damages. Plaintiff seeks all recoverable amounts, including: (i) actual damages; (ii) statutory damages (including treble damages); (iii) mental-anguish damages; (iv) reasonable and necessary attorneys' fees and costs; and (v) pre- and post-judgment interest at the highest lawful rate.

**D.    Breach of The Duty of Good Faith and Fair Dealing**

88. Plaintiff realleges all prior paragraphs.

89. Plaintiff and Defendant entered into a valid and enforceable insurance policy.

90. Defendant owed Plaintiff the common law duty of good faith and fair dealing.

91. Defendant breached the common law duty of good faith and fair dealing by wrongfully denying the Claims and delaying payment on the Claims when Defendant knew or should have known liability was reasonably clear.

92. Specifically, Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by:

   a. Making the misrepresentations at paragraph 65;

   b. Failing to properly investigate the roof damage;

   c. Failing to record the obvious evidence of covered damage across all roofs;

   d. Failing to perform a reasonably search of weather records to determine whether a hail storm occurred during the Policy Period;

   e. Unreasonably relying on the statements of others regarding material facts vital to evaluating a claim without any supporting evidence;

   f. Misrepresenting to Plaintiff that the interior and exterior damage found at the Property was damage from its prior 2015 hail claim without any evidence;

   g. Not requesting any documents regarding repairs to the Property for the 2015 hail claim;

   h. Using Plaintiff's 2015 hail claim as a pretext for denying Plaintiff's Claims; and

   i. Hiring an engineer in an effort to solely deny Plaintiff's Claims, despite clear evidence of covered damage to the contrary.

93. Upon information and belief, Defendant's unlawful actions were performed without due regard or care for the claim process and were done intentionally or with gross negligence. Further, upon information and belief, Defendants were aware at all times that their actions would result in the denial and underpayment of Plaintiff's Claims and result in mental anguish and extraordinary harm to Plaintiff.

94. Plaintiff suffered injury independent of the loss of policy benefits, and that injury resulted from Defendants' gross negligence, malice, or actual fraud, which entitles Plaintiff to

exemplary damages. TEX. CIV. PRAC. & REM. CODE § 41.003. Plaintiff seeks all recoverable amounts, including: (i) actual damages; (ii) exemplary damages; (iii) mental-anguish damages (iv) reasonable and necessary attorneys' fees and costs; and (v) pre- and post-judgment interest at the highest lawful rate.

## V. ATTORNEY'S FEES

95. Plaintiff realleges all prior paragraphs.

96. Plaintiff engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

97. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001–38.003 because Plaintiff is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

98. Plaintiff further requests all reasonable attorney's fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

99. Plaintiff further requests all reasonable and necessary attorney's fees incurred in prosecuting Plaintiff's DTPA causes of action above pursuant to § 17.50(d).

## VI. CONDITIONS PRECEDENT

100. All conditions precedent have occurred or been performed. FED. R. CIV. P. 9(c).

## VII. DEMAND FOR JURY

101. Plaintiff requests a trial by jury.

## VIII. REQUEST FOR RELIEF

Accordingly, Plaintiff respectfully requests the following relief upon final disposition:

1. Actual damages;

2. Consequential damages;

3. Statutory damages;

4. Treble damages;

5. Exemplary damages;

6. Mental-anguish damages;

7. Attorneys' fees through trial and appeal;

8. Costs of Court;

9. Pre- and post-judgment interest at the highest lawful rate; and

10. All further relief to which Plaintiff is entitled, whether at law, in equity, or otherwise.

Respectfully submitted,

**DUGAS & CIRCELLI, PLLC**
1701 River Run, Suite 703
Fort Worth, Texas 76107
Telephone: (817) 945-3061
Facsimile: (682) 219-0761

*/s/ Vincent P. Circelli*
Vincent P. Circelli
State Bar No. 24058804
vcircelli@dcclawfirm.com
Preston J. Dugas III
State Bar No. 24050189
pdugas@dcclawfirm.com
Andrew D. Spadoni
State Bar No. 24109198
aspadoni@dcclawfirm.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing was served via CM/ECF on June 12, 2023 to counsel of record.

                                          */s/ Vincent P. Circelli*
                                          Vincent P. Circelli